UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK A. BARTLETT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. ED CV 07-0164-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred in: (1) concluding that he could do his past work as a bell hop, school bus driver, and janitor, as those jobs are performed in the national economy; (2) failing to make any findings about the physical and mental demands of those jobs; and (3) failing to properly consider his father's testimony. For the reasons explained below, the Court concludes that the ALJ erred when he failed to make findings regarding the physical and mental demands of

Plaintiff's jobs and when he failed to address the father's testimony. As such, remand is required.

## II. SUMMARY OF PROCEEDINGS

On December 11, 2002, Plaintiff applied for SSI and DIB, claiming that he had been unable to work since August 14, 2002 due to a heart condition, chronic obstructive pulmonary disease, and fatigue.[1] (Administrative Record ("AR") 195-97, 326, 726-28, 737.) The Agency denied the applications initially and on reconsideration. (AR 20, 32-36, 729-30.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 37.) On July 13, 2004, Plaintiff appeared at the hearing with counsel and testified. (AR 51-74.) On August 19, 2004, the ALJ issued a decision denying the applications. (AR 78-84.) Plaintiff appealed to the Appeals Council, which denied his request for review. (AR 85, 96-98.) He then filed an action in this court. Thereafter, the parties stipulated to a voluntary remand of the case because someone else's medical records were in Plaintiff's file. (AR 111-12.)

On November 29, 2006, Plaintiff appeared with counsel at a second hearing before a different ALJ and testified. (AR 133-152.) On December 6, 2006, the ALJ issued a decision, again denying Plaintiff's applications. (AR 153-61.) Plaintiff again appealed to this court and the parties again stipulated to a voluntary remand because someone else's records were still in Plaintiff's file. (AR 162-63.) On September 24, 2008, Plaintiff appeared with counsel at a third hearing before a different ALJ and testified. (AR 734-70.) On December 2,

---

[1] Plaintiff subsequently filed applications in 2004 and 2007, which were consolidated with his original applications. (AR 736.)

2008, that ALJ issued a decision denying the applications. (AR 9-19.) Plaintiff appealed to the Appeals Council, which denied his request for review.[2] He then filed the instant action in this court.

### III. DISCUSSION

#### 1. The ALJ's Analysis of Plaintiff's Past Relevant Work

Plaintiff contends that the ALJ erred when he failed to make detailed factual findings regarding the physical and mental demands of Plaintiff's past work as a janitor, bell hop, and school bus driver. (Joint Stip. at 9-11.) For the following reasons, the Court agrees.[3]

An ALJ is required to make findings of fact as to: 1) a claimant's residual functional capacity, 2) the physical and mental demands of the claimant's past work, and 3) whether the claimant is capable of returning to his past work. *See* Social Security Ruling ("SSR") 82-62; and 20 C.F.R. §§ 404.1520(e) and 416.920(e). In determining the demands of the claimant's past work, an ALJ can look to how the job was actually performed by the claimant or how it is typically performed in the economy. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). In assessing how it was actually performed, the ALJ can rely on the claimant's statements as to how he performed it. *Id.*; SSR 82-62 ("[S]tatements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work."). In determining how the job is generally performed in the workplace, the ALJ can rely on

---

[2] Plaintiff's request to have the Appeals Council review the ALJ's decision and the Appeals Council's decision denying the request are not in the administrative record; however, the parties do not dispute that this occurred. (Joint Stip. at 2.)

[3] The Court has combined Plaintiff's first and second issues under this heading and addresses Plaintiff's second issue first.

the descriptions contained in the Dictionary of Occupational Titles ("DOT") or on the testimony of a vocational expert. *See* Social Security Ruling 82-61; *Pinto*, 249 F.3d at 845-46 (observing that the "best source for how a job is generally performed is usually the Dictionary of Occupational Titles").

In his written decision, the ALJ set forth Plaintiff's residual functional capacity. But he failed to detail the physical and mental demands of Plaintiff's past jobs and did not explain how Plaintiff could still perform those jobs despite his limitations. (AR 18.) This amounts to error. *See Pinto*, 249 F.3d at 844-45 (holding ALJ is required to make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work"). Though, when questioning the vocational expert at the hearing, the ALJ set forth Plaintiff's residual functional capacity and the vocational expert determined that Plaintiff was capable of performing those jobs with those limitations, the ALJ never set forth that analysis in his decision. And this Court may only look to the four corners of that decision to determine whether the ALJ erred. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (holding district court erred in affirming ALJ's decision based on evidence the ALJ did not discuss in the decision). For this reason, the case is remanded to the Agency for further consideration of this issue.

Plaintiff also argues that the ALJ erred in concluding that Plaintiff could perform his past jobs because Plaintiff's limitations prevent him from doing them as they are described in the DOT. (Joint Stip. at 3.) Here, the Court sides with the Agency.

As to the bell hop and janitor jobs, the ALJ relied on the vocational expert--who determined that Plaintiff could perform these jobs as Plaintiff described them. (AR 18.) The ALJ did not rely on the DOT's descriptions of these jobs, so he was not required to explain any deviations from the DOT. *Cf. Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997).

As to the job of school bus driver, the ALJ's reasoning is somewhat confused. He reported that the vocational expert had only testified that Plaintiff could do the job "as per the Dictionary of Occupational [Titles]." (AR 18.) In fact, the vocational expert had testified that Plaintiff could perform the job as generally performed in the national economy and as Plaintiff had performed it. (AR 766.) The ALJ then went on to conclude: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform the school bus driver position as it is actually and generally performed." (AR 18.)

As to the merits of Plaintiff's claim--that Plaintiff could not perform the job as described in the DOT--the Court has reviewed the description in the DOT and concludes that none of Plaintiff's limitations would preclude him from being a bus driver as that job is described therein. Plaintiff does not necessarily disagree with this conclusion, but argues, instead, it seems, that the job description is flawed because it does not include the fact that bus drivers are continually exposed to fumes, odors, dust, gases, and chemicals, all of which the ALJ concluded Plaintiff should avoid. (Joint Stip. at 5.) In Plaintiff's view, logic dictates that a bus driver would be

exposed to fumes, odors, dust, gas, and chemicals on a daily basis. (Joint Stip. at 5.)

This argument is rejected for two reasons. First, the Agency's argument is much more logical on this point. It points out that if a bus driver is continually exposed to these hazards while driving a bus so too are the students on the bus. (Joint Stip. at 8.) And there is nothing logical about the contention that students are being exposed to fumes, odors, dust, gas, and chemicals while they are riding the bus to school each day. Second, because the DOT does not set forth that these conditions are present on the job, see DOT No. 913.463-010, the ALJ was not required to address them.[4]

In addition, the Court notes that Plaintiff did not claim that he was exposed to environmental irritants when he was a bus driver and the ALJ was entitled to rely on Plaintiff's description of the job in determining if Plaintiff could perform it as he used to. For these reasons, Plaintiff's argument that the ALJ's finding that Plaintiff could perform his past work was inconsistent with the DOT is rejected.

---

[4] It appears the ALJ erred when he relied on the vocational expert's testimony to conclude that Plaintiff perform the job of bus driver as that job is ordinarily performed in the national economy without allowing the vocational expert to confirm that his conclusion was consistent with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (concluding an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the" DOT); Social Security Ruling 00-4p. In fact, the Appeals Council had highlighted this requirement for the ALJ (AR 122), and the vocational expert attempted to testify to that fact but was cut off by the ALJ. (AR 766.) Because Plaintiff has elected not to raise this issue, however, the Court will not address it any further herein.

### 2. Lay Witness Testimony

Plaintiff's father submitted a report regarding Plaintiff's functional capacity. (AR 351-58.) In it, he claimed that many of Plaintiff's life activities had been affected by Plaintiff's impairments, including lifting, squatting, walking, kneeling, stair climbing, memory, and concentration. (AR 356.) He also reported that Plaintiff became fatigued by squatting or lifting and that he could only walk one block, or five to 15 minutes at a time, before he needed to take a ten to 15 minute break. (AR 356.) The ALJ failed to mention the father's testimony in his decision. (AR 9-19.) Plaintiff contends that this amounted to reversible error. The Court agrees.

Lay testimony is competent evidence and an ALJ is required to consider it in determining if a claimant is disabled. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("Lay testimony as to a claimant's *symptoms* is competent evidence which the Secretary must take into account."). Failure to consider lay evidence constitutes error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Further, the error mandates reversal unless the district court can conclude that no reasonable ALJ, when fully crediting the testimony, could have found the claimant disabled. *Id.* ("[W]e hold that where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

Accepting the father's testimony that Plaintiff cannot lift or squat without becoming fatigued and cannot walk more than one block without needing to rest for at least ten minutes, a reasonable ALJ

would likely have concluded that Plaintiff could not work as a bus driver, janitor, or bell hop. Thus, the ALJ's error here was not harmless and remand is warranted.

Defendant disagrees. It argues that the father's testimony would not have altered the ALJ's decision because, in many respects, it merely echoed Plaintiff's testimony, which the ALJ rejected, and Plaintiff has not challenged that finding. (Joint Stip. at 14-16.) It points out further that the father's statement was based on once monthly visits and, therefore, it is not clear whether the father was sufficiently informed about Plaintiff's symptoms to credibly testify about his condition. (Joint Stip. at 14.) Defendant also argues that the father's testimony was not supported by the medical evidence and, therefore, could have been properly rejected by the ALJ. (Joint Stip. at 14.)

These arguments are rejected out of hand. This is not the time or the place to put forth reasons why the ALJ could have rejected the father's testimony. This is the time and place to set forth what the father said and, accepting it as true, determine whether a reasonable ALJ *could* have found Plaintiff disabled. Here, it seems clear that a reasonable ALJ could have so found based on this evidence and, therefore, remand is required. On remand, the ALJ must address the father's testimony and, if the ALJ concludes that the testimony should be rejected, he must set out reasons that are germane reasons for doing so. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

## IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this memorandum opinion and order.[5]

IT IS SO ORDERED.

DATED: April 14, 2010.

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\Bartlett\Memo_Opinion.wpd

---

[5] Plaintiff has requested that the Court order the Agency to pay benefits on remand. The Court recognizes that it has the discretion to do so and that this now nine-plus year old case deserves prompt consideration. But the Court is not convinced on this record that Plaintiff has established that he is entitled to benefits and, therefore, the Court will give the Agency another chance to address the issues outlined above. For this reason, Plaintiff's request for an award of benefits is denied.